# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | Civil No. 15-3791 (JRT/FLN) |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND** |
| v. | |
| DON T. MASHAK, THE PROVIDENT BANK, JOHN DOE, and MARIE ROE, | |
| Defendants. | |

John P. Dockry and Kalli L. Ostlie, **SHAPIRO & ZIELKE, LLP**, 12550 West Frontage Road, Suite 200, Burnsville, MN  55337, for defendants.

Donald Mashak, Route 1, Box 231, Albertville, MN  55301, *pro se.*

Plaintiff Federal National Mortgage Association ("Fannie Mae") commenced this mortgage foreclosure action against Defendants Don T. Mashak, The Provident Bank, John Doe, and Marie Roe in Wright County District Court in the State of Minnesota. Mashak filed a notice of removal, and Fannie Mae now moves to remand the matter back to state court.  Fannie Mae also asks the Court for an order requiring Mashak to pay its costs and attorney fees.  Because the Court lacks subject matter jurisdiction, the Court will grant Fannie Mae's motion to remand and deny as moot Mashak's application to proceed *in forma pauperis* ("IFP").  However, because Mashak is a *pro se* litigant and there is no definitive indication that his attempt at removal was unreasonable, the Court will not order him to pay Fannie Mae's costs and attorney fees.

## BACKGROUND

Mashak is a citizen and resident of the State of Minnesota and owns real property located in Monticello, Minnesota, which is in Wright County. (Decl. of John P. Dockry ("Dockry Decl."), Ex. A ("Compl.") ¶ 2, Nov. 4, 2015, Docket No. 10; Def.'s Suppl. Pleading, Dec. 2, 2015, Docket No. 20; Decl. of Don Mashak ("Mashak Decl.") ¶ 1, Dec. 2, 2015, Docket No. 21.) Fannie Mae is the assignee of a mortgage encumbering the property. (Compl. ¶ 10.) On March 11, 2015, Fannie Mae filed a mortgage foreclosure action against Mashak and the other Defendants in Wright County District Court. (Dockry Decl. ¶ 3; Compl.) Fannie Mae alleges that the mortgage has gone into default and seeks a monetary judgment in the amount of $390,922.59. (Compl. at 6 ¶¶ 1-2.) Fannie Mae personally served Provident Bank on May 4, 2015. (Dockry Decl., Ex. B.) However, it was unable to locate and effectuate personal service on Mashak, Doe, or Roe – a deputy from the Wright County Sheriff's Department made "multiple attempts" at service and ultimately concluded that he "[b]elieved [Mashak was] avoiding service." (Dockry Decl., Ex. C ("Certificate of Service").) Accordingly, Fannie Mae elected to commence service by publication pursuant to Minnesota Rule of Civil Procedure 4.04. (*Id.*, Ex. D ("Aff. for Publication").)

When none of the Defendants filed an answer or otherwise responded to the complaint, Fannie Mae filed a motion for default judgment. (*Id.*, Ex. F.) On September 29, 2015, Mashak filed a motion challenging the motion for default judgment. (*Id.*, Ex. G.) Then, on October 5, 2015, Mashak filed a notice of removal, (Notice of Removal, Oct. 5, 2015, Docket No. 1), and the state court stayed the action for lack of jurisdiction, (Dockry Decl., Ex. H). On that same date, Mashak filed an application with

this Court to proceed IFP. (IFP Appl., Oct. 5, 2015, Docket No. 3.) Thirty days later, on November 4, 2015, Fannie Mae filed a motion to remand. (Mot. to Remand, Nov. 4, 2015, Docket No. 7.) In that motion, Fannie Mae also asks the Court to award costs and attorney fees pursuant to 28 U.S.C. § 1447(c).

## ANALYSIS

### I. MOTION TO REMAND

In general, a defendant may remove a state court action to federal court if it originally could have been brought in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[T]he party seeking removal and opposing remand . . . ha[s] the burden of establishing federal subject matter jurisdiction." *See In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Here, Mashak argues that the Court has subject matter jurisdiction on three grounds: diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d); federal question jurisdiction under 28 U.S.C. § 1331; and diversity jurisdiction under 28 U.S.C. § 1332(a). All three grounds, however, are unavailing.

#### A. Diversity Jurisdiction Under CAFA

Mashak first argues the Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d). But CAFA does not apply here. Under CAFA, diversity jurisdiction exists where there are at least 100 plaintiffs, "any class member and any defendant are citizens of different states," and the amount in controversy exceeds

$5,000,000. *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (citing 28 U.S.C. § 1332(d)). Here, there is only one plaintiff – Fannie Mae – and the amount in controversy is only $390,922.59. Mashak thus cannot rely on diversity jurisdiction under CAFA as a basis for removal.

### B. Federal Question Jurisdiction

Mashak next argues that the Court has federal question jurisdiction. But this argument also fails. Federal question jurisdiction applies to actions arising "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In assessing whether federal question jurisdiction exists, the Court employs the "well-pleaded complaint rule" and looks **only** to the face of the complaint. *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The Court cannot have federal question jurisdiction based on a defense or counterclaim. *Id.*; *Duckson, Carlson, Bassinger, LLC v. Lake Bank, N.A.*, 139 F. Supp. 2d 1117, 1118 (D. Minn. 2001). Here, Fannie Mae brings its foreclosure action solely under Minnesota state law, and the complaint does not allege any claims arising under the Constitution, laws, or treaties of the United States. Mashak argues that he has multiple defenses and counterclaims arising under federal law, but as noted above, the Court cannot have federal question jurisdiction on that basis. Mashak thus cannot rely on federal question jurisdiction for removal.

### C. Diversity Jurisdiction Under § 1332(a)

Mashak lastly contends that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Diversity jurisdiction exists between "citizens of different States"

where the amount "in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2). Here, this limitation applies to Mashak and thus bars removal. Even if the Court did have diversity jurisdiction under § 1332(a), Mashak is a citizen of the state in which this action was brought, Minnesota, and he was properly joined and served as a defendant pursuant to Minnesota Rule of Civil Procedure 4.04(a).[1]

Rule 4.04(a) provides that "[s]ervice by publication shall be sufficient to confer jurisdiction . . . [w]hen the action is to foreclose a mortgage . . . on real estate within the state." Minn. R. Civ. P. 4.04(a)(5). A plaintiff seeking to accomplish service under this rule must publish notice of the summons for a period of three weeks and file the complaint and an affidavit with the court. *Id.* The affidavit must state that the action is to foreclose a mortgage on real estate within the state, "that the affiant believes the defendant . . . cannot be found" within the state, and that the "affiant has mailed a copy of the summons to the defendant at the defendant's place of residence or that such residence is not known to the affiant." *Id.* Service becomes effective "21 days after the first publication." *Id.* Here, Fannie Mae complied with all procedural requirements for effectuating service by publication. First, it published notice of the summons in the Herald Journal, a local newspaper covering Wright County, for a period of three weeks,

---

[1] The Court analyzes the sufficiency of service of process under Minnesota state law because the action was initially filed in state court. *Hubbard v. Citi Mortg., Inc.*, No. 13-2189, 2014 WL 1309112, at *4 (D. Minn. Mar. 31, 2014) ("The Court looks to Minnesota law for the applicable standards for service of process because that is the jurisdiction in which the action was filed before it was removed to this Court.").

on May 25, June 1, and June 8, 2015. (Dockry Decl., Ex. E.) Second, it filed its complaint in Wright County District Court on March 11, 2015. (Compl.) Third, it filed an affidavit with the court on May 18, 2015. (Aff. for Publication; Dockry Decl. ¶ 6.) The affidavit stated that Fannie Mae "commenced this action to foreclose a mortgage . . . [on] real estate within the State of Minnesota"; that its process server, a Wright County sheriff's deputy, attempted to personally serve Mashak multiple times; that its "[e]fforts to effectuate personal service upon" Mashak had "been exhausted"; that it "believe[s]" that Mashak "cannot be found" in Minnesota; and that it "mailed a copy of the [s]ummons" to Mashak's "last known place of residence" on May 8, 2015. (Aff. for Publication ¶¶ 3, 5-9.) Service on Mashak thus became effective on June 8, 2015, twenty-one days after the first notice was published.

"Once the plaintiff submits evidence of service, a defendant who challenges the sufficiency of service of process has the burden of showing that the service was improper." *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 384 (Minn. 2008). Here, Mashak contends that service by publication was improper for three reasons: Fannie Mae did not conduct a diligent search to find him, Fannie Mae should have mailed a copy of the summons to his P.O. Box, and he did not actually become aware of the lawsuit until September 24, 2015. None of these arguments, however, are sufficient to defeat service.

It is true that a plaintiff cannot effectuate service by publication if it does not first conduct a "diligent search" to serve the defendant personally. *See Van Rhee v. Dysert*, 191 N.W. 53, 53-54 (Minn. 1922). Mashak, however, offers nothing besides vague

allegations to show that Fannie Mae's search efforts were deficient.[2] Fannie Mae, by comparison, has offered an affidavit from a Wright County sheriff's deputy, who stated that he went to Mashak's place of residence, made "**multiple**" unsuccessful attempts at personal service, and came to the conclusion that Mashak was avoiding service. (Certificate of Service (emphasis added).)  Based on this affidavit, the Court is persuaded that Fannie Mae both conducted a diligent search and had reasonable grounds to believe that Mashak could not be found in Minnesota – indeed, there is only so much that a plaintiff can or should be required to do when it has credible evidence that the defendant is actively avoiding service.  *See In re Disciplinary Action Against Swokowski*, 796 N.W.2d 317, 324 (Minn. 2011) (finding that a plaintiff attempting to effectuate service by publication had a reasonable belief that the defendant could not be found within the state because the defendant took steps to avoid service).

Mashak's second argument, that Fannie Mae should have sent the summons to his P.O. Box, also fails because Rule 4.04 specifically requires the party attempting service by publication to "mail[] a copy of the summons to the defendant at the defendant's **place of residence**." Minn. R. Civ. P. 4.04(a) (emphasis added).  A P.O. Box is not a place of residence.

---

[2] Mashak contends that "Monticello is a small town"; that "almost everyone knows the locations [he] frequents"; that unidentified people were at his property one to two times per week during the day and these people never encountered a process server or sheriff's deputy; that someone from the Wright County Sheriff's Department saw him on an unspecified date during the spring of 2015; and that Fannie Mae could have attempted to contact him through his P.O. Box.  (Def.'s Responsive Brief at 3, 5, Jan. 11, 2016, Docket No. 28.)

Finally, even if Mashak did not receive actual notice of the action until September 24, 2015, this does not render service by publication ineffective.[3] In fact, Rule 4.043 expressly addresses what happens when a defendant does not receive actual notice:

> If the summons is served by publication, and the defendant receives no actual notification of the action, the defendant shall be permitted to defend upon application to the court before judgment and for sufficient cause; and . . . may be permitted to defend at any time within one year after judgment, on such terms as may be just.

Minn. R. Civ. P. 4.043.  Thus, on remand, Mashak may still have the opportunity to defend the action on the merits.

Overall, Mashak cannot rely on diversity jurisdiction under §1332(a) as a basis for removal – he resides in Minnesota and was properly served pursuant to Rule 4.04.  28 U.S.C. § 1441(b)(2).

### D.     Other Arguments

Fannie Mae and Mashak raise a number of other non-jurisdictional arguments in favor of or in opposition to remand.  But because the issue of subject matter jurisdiction is dispositive, the Court need not reach those arguments.  Mashak has not satisfied his burden of establishing subject matter jurisdiction, and the Court will therefore grant Fannie Mae's motion to remand and deny as moot Mashak's application for IFP status.

---

[3] The Court is skeptical of Mashak's claim that he did not learn about this action until September 24, 2015, both because of the evidence indicating that he avoided service and his own allegation that he "checked MNCourts.gov" several times per month "to see if any new litigation in his name had appeared." (Def.'s Responsive Brief at 5.)  This is a curious practice for someone who purports to have had no knowledge of Fannie Mae's attempts at personal service.

## II.   COSTS AND ATTORNEY FEES

Fannie Mae also seeks an order requiring Mashak to pay its costs and attorney fees.  28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Here, although Mashak's attempt at removal will ultimately fail, he is a *pro se* litigant, and there is no definitive indication that his attempt was unreasonable.  The Court will therefore deny Fannie Mae's request for costs and attorney fees.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Federal National Mortgage Association's motion to remand [Docket No. 7] is **GRANTED.**

2. Mashak's application to proceed *in forma pauperis* [Docket No. 3] is **DENIED as moot**.

3. This matter is **REMANDED** to the State of Minnesota District Court, Tenth Judicial District, County of Wright.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  March 29, 2016  
at Minneapolis, Minnesota.

                                                         s/ John R. Tunheim  
                                                         JOHN R. TUNHEIM  
                                                               Chief Judge  
                                                        United States District Court